﻿Citation Nr: AXXXXXXXX
Decision Date: 02/28/20 Archive Date: 02/28/20

DOCKET NO. 190713-19641
DATE: February 28, 2020

ORDER

Entitlement to an earlier effective, beginning December 25, 2010, for the grant of total disability rating based on individual unemployability (TDIU) is granted.

FINDING OF FACT

The evidence of record demonstrates that the Veteran was unable to secure gainful employment from December 25, 2010, but no earlier.

CONCLUSION OF LAW

The criteria for entitlement to an effective date of December 25, 2010, but not earlier, for the award of a TDIU rating have been met. 38 U.S.C. §§ 5101, 5110; 38 C.F.R. §§ 3.1, 3.151, 3.155, 3.156, 3.400.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Marine Corps from December 1974 to September 1976. 

Before turning to the merits of the claim, a brief review of its procedural history is instructive. The Veteran filed a claim seeking service connection for a psychiatric disorder in October 2010. After that claim was denied, the Veteran perfected an appeal to the Board of Veterans’ Appeals (Board). In March 2018, the Board issued a decision granting the Veteran’s claim for a psychiatric disorder. In a June 2018 rating decision, the RO implemented the Board’s grant, establishing an effective date for the grant of service connection of October 4, 2010, and assigning a 50 percent rating from that date until July 3, 2017, and a 70 percent rating thereafter. 

In November 2018, the Veteran filed both a formal application for a TDIU and a notice of disagreement with the ratings assigned for his psychiatric disorder. 

In March 2019, the RO issued a rating decision granting a TDIU effective July 3, 2017. As this rating decision was issued after the implementation of the modernized system review (known by the Board as the AMA), the Veteran sought higher-level review of this decision, seeking an earlier effective date for the grant of a TDIU. 38 C.F.R. § 3.2500(a) (2019). In June 2019, the RO issued a higher-level review rating decision that denied an earlier effective date. In July 2019, the Veteran filed a Board notice of disagreement, selecting direct docket review. 

While that was pending, the RO issued a rating decision in November 2019 that increased the Veteran’s rating for his psychiatric disorder to 70 percent for the entire period on appeal, that granted various periods of temporary total evaluations, and that assigned an effective date for the grant of a TDIU of April 20, 2011. Concurrently, the RO issued a statement of the case under the legacy appeals system for the Veteran’s notice of disagreement as to the increased rating issue for his psychiatric disorder. The Veteran did not perfect an appeal as to that issue. 

1. Entitlement to an earlier effective, beginning December 25, 2010, for the grant of individual unemployability is granted.

The Veteran is seeking an earlier effective date for a grant of TDIU, which is currently set at a start date of April 20, 2011. For the reasons below, this claim is granted effective December 25, 2011. 

A total disability rating may be assigned where the schedular rating is less than total, when it is found that the disabled person is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. 38 C.F.R. §§ 3.340, 4.16(a). This is so, provided that the unemployability is the result of a single service-connected disability ratable at 60 percent or more, or the result of two or more service-connected disabilities, where at least one disability is ratable at 40 percent or more and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a).

The Veteran’s combined disability rating has been 80 percent or more for the entire appeal period, with his PTSD rated at 70 percent or higher since October 4, 2010. 38 C.F.R. § 4.25. He is also service connected at 10 percent each for fasciotomy scar on right forearm and pronator teres syndrome on the right forearm and zero percent for bilateral hearing loss. As such, he meets the criteria for consideration for entitlement to TDIU on a schedular basis under § 4.16(a). 

Even so, it must be found that he is unable to secure or follow a substantially gainful occupation, in this case, solely due to his service-connected disabilities, as this is the Veteran’s contention.

Here, the Veteran was employed at a surface coal mine until April 20, 2011. This is the current effective date of his TDIU award. However, the evidence shows that the Veteran ceased “working” on December 25th, 2010 due to his PTSD symptoms. 

In the last half of 2010, the Veteran was attending school in hopes of finding a different type of employment. In October 2010, he ceased attending that school and applied for vocational rehabilitation, which he began attending on December 16, 2010. See Vocational Rehabilitation Counselor Report (undated). 

That same month, a December 2010 medical note reveals that the Veteran was employed as a foreman in a leadership capacity at the mine, however, he voluntarily stepped down in December 2010 to operate machinery, as his symptoms of PTSD were interfering with his employment. 

The Veteran began Family Medical Leave Act (FMLA) leave beginning January 11, 2011. As a January 2019 Request for Employment Information notes, the Veteran stayed on FMLA leave until April 19, 2011, at which time his FMLA leave was exhausted. He did not return to work and subsequently remained unemployed until the present.

Although the Veteran was still technically employed at the surface mine while on FMLA leave, the evidence indicates that, despite being on leave, he was unable to perform substantially gainful employment at that time. In various medical notes, including a February 2011 VA examination for PTSD, the Veteran reported that his last day of actual work was roughly December 25, 2010. The evidence shows that he began FMLA leave shortly thereafter and never returned to employment. As such, December 25th is the last date of employment. The question remains whether the Veteran was unemployable due solely to his service-connected conditions. 

The Board finds that the Veteran did cease employment due to his service-connected PTSD symptoms. He reported to a medical professional that he was stepping down from a foreman position because his PTSD symptoms made such responsibility difficult. Despite taking a machine operator position, he left began FMLA leave due to his PTSD symptoms, specifically panic attacks while driving a bulldozer. See February 2011 VA examination. Numerous medical notes are consistent in this history. That the Veteran also ceased attending school suggests that he no longer believed he was employable in a new field. Additionally, as the evidence shows, he later left vocational rehabilitation and there are notations from the rehabilitation counselors concluding that rehabilitation was not likely in the Veteran’s case. 

As a result, the Board finds that the Veteran ceased to work on December 25, 2010 due to his symptoms from his service-connected PTSD. Despite technically remaining employed on FMLA leave until April 19, 2011, the Veteran’s last day of substantially gainful employment was December 25, 2010 (there is no record of the FMLA leave being paid leave). Consequently, resolving reasonable doubt in the Veteran’s favor, the claim for an earlier effective date for a grant of TDIU to December 25, 2010 is granted.

Any earlier date must be denied because the Veteran was employed at the surface mine for several years before this date, and there is no showing that such employment was marginal or in a protected environment.

 

 

Evan M. Deichert

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Robert Gyenes, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.